**Odell CLEMONS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47317.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Ray Montgomery, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CHADICK, Commissioner.

Odell Clemons, Jr., was indicted and tried for the offense of robbery by assault. He was found guilty by a jury and thereafter the same jury tried the issues raised

by the enhancement allegations of the indictment and found Clemons was the same person who, prior to the commission of the robbery offense alleged in the indictment, "had been convicted of the offense of theft, a felony, as alleged in paragraph 2 of the indictment." Judgment on the jury verdict was entered and Clemons was sentenced to life imprisonment.

Clemons' court appointed counsel has briefed three grounds of error. The first ground of error complains of the admission into evidence of a shotgun and a paper sack containing in excess of one thousand dollars in money, because such articles were "taken as a result of an unlawful arrest and subsequent unlawful search and seizure from a private residence without arrest or search warrant and without probable cause and appellant had standing to complain of such said unlawful arrest, search and seizure."

On motion to suppress the evidence mentioned, Clemons testified police battered in the two doors to the house he was in when arrested, but admitted that he did not live in the house. With reference to the house where arrested, he was asked, "Whose house was it?" He replied, "An associate's."

This house appeared to officers to be vacant, the doors were open and the house was falling down. Old furniture scattered about was, in the opinion of officers, merely stored in the house. Inside the house the officers found appellant crouched behind a dresser that had been pulled out from the wall. Appellant matched the description of the suspect in the police radio broadcast and the officers arrested him. A paper bag containing in excess of $1,000.00 was found cached in an undergarment worn by appellant and a shotgun was nearby.

█ The burden was on Clemons to establish that he was the victim of an unlawful search and seizure. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960); Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). In the last cited case this quotation from Jones, supra, is reiterated, ". . . it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy." The Fourth Amendment, United States Constitution, guarantees that there shall be no violation of "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." To be privileged, that is, to have standing to invoke the protection of the Fourth Amendment when premises are searched, it was held in United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), that the accused need only have a possessory interest in the premises, and this rule was later relaxed in Jones, supra, to give standing to anyone legitimately on premises when a search occurs.

█ A showing, as here, that the premises searched belonged to an associate of undisclosed relationship does not tend to prove that Clemons was legitimately on the premises. Mere presence on the premises of another, under the circumstances shown here, raises no inference that the person is on the premises legitimately or that the house, for the reason given, was an area in which appellant might have "a reasonable expectation of freedom from governmental intrusion." For more elaborate discussion of *standing,* see Holcomb v. State, 484 S. W.2d 929 (Tex.Cr.App.1972); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Clemons simply went into another man's house and shows no right to be there.

█ Additionally, any error in the admission of evidence obtained as the result of Clemons' arrest and the search and seizure that followed is, beyond a reasonable doubt, harmless. The record shows overwhelming evidence of Clemons' guilt of the

offense charged, even in the absence of the evidence in question. No defense was offered by Clemons. Three store employees were eye witnesses to the offense charged and identified Clemons as the perpetrator. The operator of a commandeered truck likewise identified him. Considering the record as a whole, an error in admission into evidence of the money and shotgun does not require reversal. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Holcomb v. State, supra.

Appellant's brief concedes that the error complained of in the second ground has been waived; so discussion will proceed to appellant's third ground of error.

■ Appellant's third ground of error is multifarious. However, one ground of error contained therein will be reviewed in the interest of justice. Art. 40.09, Sec. 13, Vernon's Ann.C.C.P. Appellant apparently contends that at the prior conviction, alleged for enhancement, under Art. 62, V. A.P.C., his court appointed counsel was not allowed ten days in which to prepare, and the ten days were not waived and the admission into evidence of the prior conviction in violation of Art. 26.04, V.A.C.C.P., was error.

The State's reply is contained in the following excerpt from the State's brief and is adopted as a correct solution of the question at issue, to-wit:

" . . . while the requirements of Art. 26.04 [V.A.] C.C.P. have been held to be mandatory and a failure to comply calls for reversal on direct appeal, it has also been held that in the absence of a request for additional time or a showing of harm or injury an accused may not collaterally attack a prior conviction for failure to comply with the statute. Rinehart v. State [Tex.Cr.App.], 463 S.W.2d [216] 316; citing Ex Parte Meadows [Tex.Cr.App.], 418 S.W.2d 666; Young v. State [Tex.Cr.App.], 448 S.W.2d 484. No such request or harm has been shown in the instant case and reversible error is not shown."

The record in this case reveals that reversible error was not committed. The judgment of the trial court is affirmed.

Opinion approved by the Court.