Robert Murrell SUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49340.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Rehearing Denied March 15, 1975.

Lawrence T. Newman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of burglary with intent to commit theft. Punishment was assessed under the provisions of Article 63, Vernon's Ann.P.C., at life.

The sufficiency of the evidence is not challenged. The record reflects that on February 5, 1971, the residence of Will Stidman, a gun collector, was burglarized, and a number of guns were stolen. A complete list of the guns, together with description of each, was prepared by Stidman and furnished the police.

Appellant initially contends that the warrantless arrest of appellant and search of the premises where he was arrested were illegal, and that all evidence obtained as a result of the arrest and search should have been excluded.

Detective Byrd testified that as a result of a conversation with a police informer, he, with detectives Grubbs and Moore, within thirty minutes after receiving such information on February 9, 1971, went to an apartment in Houston rented by Ellen Given. When Byrd knocked on the door, appellant opened it and invited them in. He was told that they were police officers, and was asked if anyone else was in the apartment. He told the officers that his son was in the next room, which was about twelve feet from the front door. Byrd looked through the open door and saw a boy lying on a bed, and also saw a .357 pistol on the bedside table. Byrd had seen a list of the stolen guns and knew that a .357 pistol was on the list. He went into the next room and examined the pistol, and compared it with the .357 pistol described on the list prepared by Stidman, of which he had a copy with him, and was able to identify the pistol in the room as the same as the one on the list. The officers then made a search of the room and found a "dummy" pistol made out of plastic or wood under another bed in the room. This "dummy" gun was identified by Stidman as having been stolen in the robbery.

The appellant was then arrested, and given the statutory and Miranda warning.

Appellant at the trial objected to the evidence of the arrest and search, and any

testimony concerning the finding of the guns on the ground that the warrantless arrest and search violated his constitutional rights.

■ The testimony reflects that the officers were invited into the apartment by appellant, who was informed that they were peace officers. Thus, they were lawfully on the premises when they saw the pistol in open view in the adjoining room. Byrd knew that this gun resembled a gun stolen in the burglary which he had been investigating. As this Court stated in Alberti v. State, 495 S.W.2d 236:

"[1–3] The only issue which we must resolve on rehearing is the legality of this initial seizure. We recognize that it has long been the rule in this jurisdiction that an invitation to officers to enter a residence ordinarily cannot be construed as an invitation or consent to search. Robertson v. State, 375 S.W.2d 457 (Tex.Cr.App.1964). However, that case and many others have recognized that officers invited in are not trespassers and have a right to seize articles in open view. Coronado v. State, 167 Tex.Cr.R. 206, 319 S.W.2d 104 (1958); Lucas v. State, 368 S.W.2d 605 (Tex.Cr.App. 1963) cert. denied, 375 U.S. 925, 84 S.Ct. 271, 11 L.Ed.2d 167 (1963). This is simply a restatement of the axiom that an officer may seize what he sees in plain sight or open view if he is lawfully where he is. E. g., Jackson v. State, 449 S.W.2d 279 (Tex.Cr.App.1970); Gonzales v. State, 467 S.W.2d 454 (Tex. Cr.App.1971). There has been no showing in the instant case that the officers gained entry by fraud or deceit. The shoe box containing the marihuana was properly admitted."

See, also, Turner v. State, Tex.Cr.App., 499 S.W.2d 182; Simpson v. State, Tex. Cr.App., 486 S.W.2d 807; Stevenson v. State, Tex.Cr.App., 456 S.W.2d 60; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

Under this ground of error, appellant also complains of evidence concerning the finding of an automobile license plate in the trunk of his car. Detective Moore testified that after the warnings had been given he asked appellant if he could search his car, which was parked in the vicinity of the apartment. Appellant handed Moore the keys to the car, and Moore opened the trunk. He did not find any guns or other contraband, but did take a dirty, rusty, bent car license which had been issued to a neighbor of the complaining witness Stidman. This license plate had been lost in the police department files, and was not introduced in evidence.

■ Appellant voluntarily handed the keys to the officer, and "told us to go ahead," although the officer asked only for permission to search the car, and did not ask for the keys. The fact that appellant was under arrest when he did so did not render Moore's testimony inadmissible, there being no complaint that appellant acted only in acquiescence to lawful authority. Dickhaut v. State, Tex.Cr.App., 493 S.W.2d 223; Allen v. State, Tex.Cr. App., 487 S.W.2d 120; Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572. No reversible error is shown.

Furthermore, error, if any, in the admission of the evidence concerning the license plate was rendered harmless beyond a reasonable doubt by the overwhelming evidence showing guilt. See Clemons v. State, Tex.Cr.App., 501 S.W.2d 92; Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419. We make particular reference to the testimony of a neighbor of the complainant Stidman, who saw a man who resembled appellant drive a car into Stidman's driveway about the time that the burglary was committed, and the testimony of witness Jackson that shortly after the burglary appellant attempted to sell him a gun, and that with his permission appellant did store in Jackson's garage eight guns subsequently identified as being stolen in the burglary. Also, witness Pillow testified that in February, 1971, he purchased three guns from appellant which were later identified as having been taken in the burglary.

No reversible error is shown in overruling the objection to the testimony concerning the license plates.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the officers obtained an "oral confession" from appellant by the use of third parties, Eddie Gant and Elmo Hall, who, while in custody with appellant in the same jail cell, were told by appellant where he had stored the stolen guns. It is appellant's contention that Gant and Hall told the officers of this "oral confession" and that it was by virtue of such information that the stolen guns were located in Jackson's garage and appellant's connection with the offense established. Appellant thus attempts to invoke the "fruits of the poisonous tree" doctrine.

It is not necessary that we pass on the law question raised. Neither Gant nor Hall testified that he had given any information to the officers or had repeated any conversation had in jail with appellant. The name of the police informer was not mentioned in testimony. Officer Byrd denied that either Gant or Hall was the informer. There was no testimony before the jury of any confession, written or oral, by appellant. Appellant did not testify before the jury and neither did Gant nor Hall.

The second ground of error is overruled.

In his third ground of error, appellant asserts the trial court committed reversible error in overruling appellant's objections to the charge and failing to give certain requested instructions. Appellant made no written objection to the court's charge or written requests for instructions. Nothing is presented for review. Vernon's Ann.C.C.P., Arts. 36.14; 36.15, Black v. State, Tex.Cr.App., 503 S.W.2d 554.

The third ground of error is overruled.

In his fourth ground, appellant contends that the evidence at the punishment stage

is insufficient to sustain the habitual criminal allegations, since one of his prior convictions used for enhancement, a Wharton County conviction for forgery, was at the time of the trial "pending appeal" in the United States District Court in Houston.

The State, at the punishment stage, placed in evidence without objection certified copies of judgments and sentences showing felony convictions of appellant in eleven cases, together with proof that appellant was the accused in each case. Among these convictions thus proved was that of appellant in the district court of Wharton County for forgery in 1957,[1] which was one of the prior convictions alleged in the indictment and relied on by the State for enhancement purposes. The appellant testified that he had served this sentence, along with other concurrent sentences, and was released from the penitentiary in 1961.

Appellant further testified that he had "filed an appeal in the federal district court" and that that court had taken no final action in the case. Other than this testimony, there is nothing in the record concerning any "appeal" or other proceeding in any federal court involving appellant.

There is no direct appeal from a conviction in a state district court to a federal district court. In the event, as contended by appellant, that a post-conviction petition for the writ of habeas corpus was pending in the federal district court at the time of the instant trial attacking the Wharton County judgment, the federal court had not acted upon the petition. Until that court acted, or until it was shown that the Wharton County conviction was void, the said conviction remained a final judgment usable for enhancement under Article 63, V.A.P.C. Schannon v. State, 107 Tex.Cr.R. 91, 338 S.W.2d 462, cert. den., 364 U.S. 935, 81 S.Ct. 386, 5 L.Ed.2d 369.

Appellant also attacks the Wharton County conviction on the ground that there was no waiver of the ten day period after

1. The instant trial was held in April, 1973.

counsel had been appointed to represent him as the defendant in that case. Appellant's reliance on Ex parte Cooper, Tex. Cr.App., 388 S.W.2d 939 is misplaced. *Cooper* was overruled in Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666. As stated by this Court in Clemons v. State, Tex.Cr.App., 501 S.W.2d 92:

> " '. . . while the requirements of Art. 26.04 [V.A.] C.C.P. have been held to be mandatory and a failure to comply calls for reversal on direct appeal, it has also been held that in the absence of a request for additional time or a showing of harm or injury an accused may not collaterally attack a prior conviction for failure to comply with the statute. Rinehart v. State [Tex.Cr.App.], 463 S.W.2d [216] 316; citing Ex Parte Meadows [Tex.Cr.App.], 418 S.W.2d 666; Young v. State [Tex.Cr.App.], 448 S.W.2d 484. No such request or harm has been shown in the instant case and reversible error is not shown.' "

No such request or harm has been shown in the instant case.

The fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.