Robert Elmer KLEASEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 56073.

Court of Criminal Appeals of Texas.

Nov. 23, 1977.

State's Motion for Rehearing Denied Feb. 8, 1978.

Marvin O. Teague, Houston, on appeal only, for appellant.

Ronald D. Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted of the Capital Murder of Mark Fischer, a missionary of the Church of Jesus Christ of the Latterday Saints. The jury found appellant guilty of murder during the course of robbery, and answered "Yes" to the special issues submitted to them pursuant to Article 37.071, Vernon's Ann.C.C.P. Punishment was assessed at death.

The conviction was based upon circumstantial evidence, which, in the light most favorable to the jury's verdict, showed that the deceased and his missionary companion, Gary Darley, disappeared after visiting appellant on October 28, 1974. A prayer book and nametag belonging to Darley, contain-ing bullet holes, were found on the property surrounding the house trailer where appellant lived. Personal effects of the deceased and Darley were found in appellant's trailer during searches conducted within the following weeks. A key ring, with keys to the missionaries' apartment and car, was also found in the trailer. Their car was subsequently found, abandoned and stripped, and the wheels and license plates were found in a structure adjacent to appellant's trailer. A bandsaw, located in a taxidermy shop behind which appellant lived, was seized, and an analysis showed that bits of human blood and tissue were found on the saw. Human hair was also found on the bandsaw, which was identified as matching that of Darley's. The evidence indicated that appellant had access to the bandsaw at all times.

Clothing belonging to appellant was found in a receptacle next to the trailer, which clothing was stained with bits of human blood. Hair matching that of the deceased and Darley was found on the clothing. The evidence showed that appellant had knowledge of the means to dispose of animal carcasses, without detection. Evidence also indicated that appellant harbored hostilities towards members of the Mormon church. A further recitation of the facts and evidence upon which the jury's verdict was based is not necessary, in light of our holding.

Appellant contends that the November 5th search of his trailer was illegal, and that the evidence obtained from this search was therefore inadmissible against him under Art. 38.22, Vernon's Ann. C.C.P. The search was conducted pursuant to a federal warrant, obtained by an agent for the Bureau of Alcohol, Tobacco and Firearms. During the search, several items were seized, among which were Mormon bibles, a Seiko watch identified as belonging to the deceased, a key ring and keys which opened locks to the car and apartment of the deceased and Darley, and a manuscript which detailed the means of disposing of the car-

casses of illegally killed deer. Appellant contends that the affidavit for the search warrant was insufficient under *Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and that the warrant, on its face, showed no probable cause to search the trailer.

As a preliminary matter, the State contends that appellant has no standing to contest the validity of the search. At the pre-trial hearing on appellant's motion to suppress, appellant showed that he had moved the trailer onto the property of Lem Rathbone, owner of the taxidermy shop, in the spring of 1973. He further showed that appellant had been in possession of this trailer for some nineteen months. The State showed that the trailer in which appellant had been living for nineteen months had been stolen from a sales lot in Oak Hill in April of 1973. The record owner of the trailer testified that he had never given anyone permission to take the trailer and that he had later collected insurance proceeds for his loss. There was no evidence adduced tending to show how appellant acquired the trailer, or that he was in any way connected to the theft of the trailer. On this basis, the trial court ruled that the fruits of the search were admissible against appellant, since he had no standing. The court stated:

"There is no question in the Court's mind that the trailer house was stolen. The defendant did not have the consent or permission from the owner to be in it or to use it, irrespective of who stole it. That's immaterial. He has no standing to complain about the search."

The same evidence regarding the trailer was offered at trial. Again, there was no evidence to connect appellant to the theft, or show the manner of his acquisition of the trailer.[1] The trial court admitted the fruits of the search during the trial, based upon its previous ruling.

The initial question presented to this Court for review is whether the trial court erred in denying appellant's motion to suppress on the ground that appellant lacked standing to contest the search. We hold that the trial court did so err.

▇ It is well established that in order for a defendant to contest the validity of the search and seizure he must establish that he himself was the victim of an invasion of privacy. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). It is entirely proper to place upon one who challenges the validity of a search the burden of establishing that his own rights were violated by the illegal search. *Jones v. United States,* supra; *Maldonado v. State,* 528 S.W.2d 234 (Tex.Cr.App.1975); *Clemons v. State,* 501 S.W.2d 92 (Tex.Cr.App.1973).

▇ A defendant can show that he has the requisite standing to contest the search in three ways; he may show that he was lawfully on the premises at the time of the search; he may show that his possession of the seized objects is itself an essential element of the offense with which he is charged; he may show a proprietary or possessory interest in the premises searched or the items seized. *Jones v. United States,* supra; see also *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Appellant was not present on the premises when it was searched, nor was he charged with an offense for which possession of the seized evidence was an essential element. Thus, in order to bring himself within the protection of the prohibition against unreasonable searches and seizures, appellant must show a possessory interest in the trailer. We hold that he has done so.

▇ Appellant showed that he had been in possession of the trailer for nineteen uninterrupted months. His personal possessions were in the trailer, and the evidence showed that he had lived in the trail-

---

1. Appellant did not testify in his own behalf at trial. However, he did testify at the punish-ment phase, and stated that he had bought the trailer from a former work associate.

er on the same site for this period of time. The trailer was used as his residence. The wheels were off the trailer and it was up on concrete blocks. There were no license plates on the trailer, and appellant had hooked up power lines to it.

The only evidence offered to defeat appellant's claim of standing was the fact that this trailer had at one time been stolen from the true owner. The State incorrectly asserts that this fact alone is sufficient to show appellant's lack of any possessory interest.

Clearly the evidence adduced at trial was insufficient to prove that appellant himself stole the trailer. *Pool v. State,* 528 S.W.2d 255 (Tex.Cr.App.1975); *Bradshaw v. State,* 482 S.W.2d 233 (Tex.Cr.App.1972). Due to the passage of time, this was not even possession of recently stolen property which would raise a presumption of guilt of the offense of theft. See *Preston v. State,* 147 Tex.Cr.R. 79, 178 S.W.2d 522 (1944). There was no evidence that appellant knew that the trailer was stolen.

On these facts, it appears that appellant did have a sufficient possessory interest in the trailer and its contents to properly contest its search. Appellant had a reasonable expectation of privacy sufficient to warrant protection by the 4th Amendment.

This is not the case where appellant failed to allege or present any evidence of his possessory interest. *Smith v. State,* 530 S.W.2d 827 (Tex.Cr.App.1975); *Hull v. State,* 510 S.W.2d 358 (Tex.Cr.App.1974); *Hutchinson v. State,* 509 S.W.2d 598 (Tex. Cr.App.1974); *Clemons v. State,* 501 S.W.2d 92 (Tex.Cr.App.1973); *Thomas v. State,* 493 S.W.2d 957 (Tex.Cr.App.1973); *Holcomb v. State,* 484 S.W.2d 929 (Tex.Cr.App.1972); *Willeford v. State,* 454 S.W.2d 745 (Tex.Cr. App.1970).

Thus concluding that appellant has standing to contest the validity of the search and seizure, we now reach appellant's contentions that the affidavit and search warrant were defective.

Appellant contends that the affidavit upon which the search warrant was issued was defective under *Aguilar v. Texas,* supra. The affidavit for the federal search warrant reads as follows:

"UNITED STATES OF AMERICA
VS.
ROBERT KLEASEN
} AFFIDAVIT FOR SEARCH WARRANT

"BEFORE [magistrate] Phillip Sanders Austin, Texas

"The undersigned being duly sworn deposes and says:

"That he has reason to believe that on the premises known as the residence of ROBERT KLEASEN described as a 'Twilight bungalo' travel trailer approximately 18 ft. in length, color white/green/beige with two small butane bottles mounted on the front and all outbuilding and appurtenances thereto located on U.S. Hwy 290E approximately 2.6 miles west of State Hwy 71 on the south side of the road and approximately 25 yards behind the business place entitled 'Austin Taxidermist' on U.S. Hwy 290E which is owned and operated by L. M. Rathbone in the Western District of Texas there is now being concealed certain property, namely Browning rifle, .22 caliber, serial number 14922T37, and sale receipts from McBride's Gun Shop to ROBERT KLEASEN which are instruments of the crime of violation of Title 18, United States Code, Section 922(a)(6), false statement in acquisition of a firearm. . .

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: a statement made to the affiant by a reliable citizen who lives near ROBERT KLEASEN that he has seen KLEASEN shooting a firearm of this same general description on the premises where the travel trailer is located within the past week and that KLEASEN has also been seen in possession of several other different type firearms on the premises described above also within the past week.

/s/ <u>Dale Littleton, Special Agent</u>
Bureau of Alcohol, Tobacco
and Firearms

"Sworn to before me, and subscribed in my presence November 5, 1974

/s/ <u>Phillip Sanders</u>
/s/ United States Magistrate"

In *Aguilar v. Texas*, supra, the Supreme Court held that an affidavit for a search warrant may be based upon hearsay information and need not reflect the direct personal observations of the affiant. However, the magistrate must be informed of the underlying circumstances from which it can be determined that the informant received his information in a reliable way. The magistrate must also be informed of specific factual allegations from which the officer concluded that the informant was "credible" or his information "reliable." Absent such factual allegations, there is not a sufficient basis for a neutral magistrate to make an impartial determination that probable cause exists.

In the instant case, the affidavit is based upon the hearsay statement of an unnamed informant. There are no facts in the affidavit from which the magistrate could have determined the informant's credibility or reliability. The informant is unnamed. There is no allegation that he ever gave information previously which turned out to be true. There are no allegations that the affiant investigated the reliability of the informant or why the affiant considers him to be trustworthy. The affiant simply asserts in a conclusory manner that the unnamed informant is "reliable." A mere statement that the source of the hearsay is reliable or credible offered the magistrate no substantial basis for crediting the hearsay. Therefore, we conclude that the affidavit is insufficient to meet constitutional standards. *Aguilar v. Texas*, supra; *Avery v. State*, 545 S.W.2d 803 (Tex. Cr.App.1977); *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App.1976); *Caldarera v. State*, 504 S.W.2d 914 (Tex.Cr.App.1974); *Rushing*

*v. State*, 500 S.W.2d 667 (Tex.Cr.App.1973); *Kemp v. State*, 464 S.W.2d 141 (Tex.Cr.App. 1971).

The State's reliance upon *Gaston v. State*, 440 S.W.2d 297 (Tex.Cr.App.1969), cert. den. sub. nom. *Gaston v. Texas*, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435 (1969), is misplaced. This is not the case where there is sufficient detail in the affidavit from which a magistrate could infer the informant's credibility. Nor is it the case where the affiant's personal knowledge corroborated or supplemented the hearsay statement in order to save an affidavit insufficient under *Aguilar*. The affiant's allegation that appellant possessed a rifle with a specified serial number and sales receipts from McBride's Gun Shop is not shown to be corroborative of the informant's statement that he saw appellant fire a gun on his own property. Nor is there any indication in the affidavit as to where or how the affiant independently learned this information. We conclude that the affidavit has not been rendered sufficient as the State contends. See *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App.1976); *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973); *Polanco v. State*, 475 S.W.2d 763 (Tex.Cr.App.1972).

We further note that the affidavit on its face shows no probable cause. The affiant bases a showing of probable cause upon the statement of the informant that the informant had seen appellant shooting a firearm on the premises where the trailer was located. This statement shows no probable cause that a crime has been committed. There is nothing in the affidavit or search warrant to indicate that it is a violation of state or federal law for appellant to discharge a firearm on his premises in that location. Therefore, the informant has no knowledge concerning the commission of a criminal offense. Probable cause that a crime has been committed is not shown.

Further, the affidavit does not state why the affiant believed that appellant was in violation of federal law. He asserts that the rifle and sales receipts are instruments of the crime of making a false statement in the acquisition of a firearm, under 18 U.S.C., Section 922(a)(6). But the affiant does not present any facts from which the magistrate could have determined that appellant had indeed made false statements in violation of federal law.

Thus, the affidavit and search warrant do not reflect probable cause that appellant committed any crime. Lacking probable cause, any search made pursuant to such warrant was in violation of the Fourth Amendment, Vernon's Ann.Tex.Const., Art. I, Sec. 9, and Articles 1.06, 18.01, Vernon's Ann.C.C.P.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

Rehearing denied; DOUGLAS, dissenting.

VOLLERS and W. C. DAVIS, JJ., did not participate.