Calvin RABB, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 58466.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 1, 1978.

Billy D. Moore, Dallas, Court appointed, for appellant.

Henry Wade, Dist. Atty., John Tatum, Andy Anderson and Ron N. Poole, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation. Appellant pled guilty before the court to the offense of burglary of a habitation on October 24, 1975. Punishment was assessed at seven years, probated.

On September 23, 1977, the State filed a motion to revoke probation in which it was alleged that appellant had violated those conditions of his probation which required that he (1) commit no offense against the laws of this or any other state or the United States; (2) report to the probation officer monthly, and (3) pay a probation fee of $10 per month to the probation officer on or before the 1st day of each month during probation. After a hearing was held on the motion on October 21, 1977, the court entered its order revoking probation which contained findings that appellant had violated the conditions of probation set forth in the motion to revoke.

Appellant's sole contention is that the trial court erred in proceeding to trial in the primary offense "prior to the expiration of the mandatory ten days to prepare for trial and without a properly executed waiver of the ten day period."

Appellant directs our attention to the order appointing counsel for appellant in the primary offense on October 16, 1975, and the judgment therein reflecting that the trial and entry of judgment occurred on October 24, 1975.

Article 26.04, V.A.C.C.P., relating to the appointment of counsel for indigents, provides in subsection (b) that:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The record contains no written waiver of the ten day period to prepare for trial and appellant urges that the judgment in the primary offense is void.

The general rule is that failing to appeal when placed on probation waives the right to review. *Hungerford v. State,* Tex. Cr.App., 474 S.W.2d 242; *Brooks v. State,* Tex.Cr.App., 459 S.W.2d 640; *Hoskins v. State,* Tex.Cr.App., 425 S.W.2d 825. Exceptions to this rule have occurred where the error complained of in the primary offense was a matter that could be attacked collaterally. See *Perkins v. State,* Tex.Cr.App., 504 S.W.2d 458; *Martinez v. State,* Tex.Cr. App., 494 S.W.2d 545; *Ramirez v. State,* Tex.Cr.App., 486 S.W.2d 373.

This Court has held that the failure to accord the accused and his court-appointed counsel the ten days preparatory period in accordance with Art. 26.04, supra, will result in a reversal if such failure is attacked on direct appeal, but may not be collaterally attacked in the absence of a showing of harm. See *Ex parte Shields,* Tex.Cr.App., 550 S.W.2d 670; *Ex parte Meadows,* Tex.Cr.App., 418 S.W.2d 666; *Young v. State,* Tex.Cr.App., 448 S.W.2d 484; *Thomas v. State,* Tex.Cr.App., 451 S.W.2d 907; *Rinehart v. State,* Tex.Cr.App., 463 S.W.2d 216; *Clemons v. State,* Tex.Cr. App., 501 S.W.2d 92; *Sutton v. State,* Tex. Cr.App., 519 S.W.2d 422.

We reject appellant's contention that the judgment in the primary offense is void. Had appellant urged such matter on a direct appeal from the primary offense, reversal would have resulted from failure to comply with the mandatory terms of Art. 26.04, supra, but we will not order reversal in the primary offense on the basis here urged when complaint is made for the first time on appeal from the order revoking probation.

We find no abuse of discretion in the court's action in revoking appellant's probation.

The judgment is affirmed.