**Barbara Faye ARNOLD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56740.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 29, 1978.

Don E. Ervin, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Carl W. Hobbs, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for communicating a false report. V.T.C.A., Penal Code, § 42.06. The punishment was assessed by the jury at one hundred eighty (180) days and a $1,000.00 fine, probated.

In her sole ground of error, appellant complains that the information is fundamentally defective in that while it alleges that the appellant initiated and communicated a report of a future bombing it does not allege to whom the report was communicated.

There was no motion to quash the information during the trial on the merits. The transcription of the court reporter's notes is not in the record before us. Appellant relies upon fundamental error.

V.T.C.A., Penal Code, § 42.06 (False Alarm or Report), provides:

"(a) A person commits an offense if he knowingly initiates, communicates, circulates, or broadcasts a report of a present, past, or future bombing, fire, offense, or other emergency that he knows is false or baseless and that would ordinarily:

"(1) cause action by an official or volunteer agency organized to deal with emergencies;

"(2) place a person in fear of imminent serious bodily injury; or

"(3) prevent or interrupt the occupation of a building, room, place of assembly, place to which the public has access, or aircraft, automobile, or other mode of conveyance.

"(b) An offense under this section is a Class A misdemeanor."

The "Practice Commentary" to said § 42.-06 states in part:

"This section proscribes not only false alarms to agencies of public safety but, in addition, false alarms to members of the public. It is, in several respects, broader than prior Texas law."

Omitting the formal parts, the information alleges the appellant "on or about July 19, 1976, did then and there unlawfully knowingly and intentionally communicate and initiate a report of a future bombing knowing that report to be false and baseless and which would ordinarily prevent and interrupt the occupation of a place to which the public has access, namely, Winchester Club."

■ Both parties agree that the information tracks the statute; however, the appellant claims fundamental error, while the State urges the lack of a motion to quash the information removes any reversible error. In *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), it was held that if an accused goes to trial without raising objections with regard to failure to give notice of precisely that which he is charged with or to sufficiently allege facts to bar a subsequent conviction an accused may not urge such objection for the first time thereafter. Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal.

We observe that the form of the information is in conformity with those forms in Morrison and Blackwell, New Texas Penal Code Forms, § 46.02, pp. 68–69, and 3 Branch's Texas Ann. Penal Statutes, 3rd ed., § 42.06, p. 205. In neither of these suggested forms is the name of the person to whom the alleged report is made alleged.

Further, the information alleges the appellant "did unlawfully knowingly and intentionally communicate and initiate a report of a future bombing . . . ." The word "communicate" means "to make known" or "to inform a person of" or "to convey the knowledge or information." Webster's Third International Dictionary. The Random House Dictionary of English Language, Unabridged Edition, 1967,

defines "communicate" as "1. to impart knowledge of; make known . . . 2. to give to another; impart; transmit . . ."

■ The State agrees that it would probably be better practice to allege the name of the person to whom the alleged report prohibited by § 42.06 was made, but the instant information is not defective, fundamentally or otherwise.

Appellant's contention is overruled.

The judgment is affirmed.