George **WATTS**, Sr., Appellant,

v.

**STATE of Texas, Appellee.**

**No. 13–85–212–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 13, 1986.

L. Aron Pena, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was convicted of making a false report of a future fire in violation of TEX. PENAL CODE ANN. § 42.06(a)(1) (Vernon 1979). Trial was to the court which found appellant guilty and assessed punishment at 60 days in the county jail and a fine of $250.00. The jail portion of the sentence was probated.

Appellant brings three grounds of error, asserting that: (1) the evidence is insufficient to support the conviction; (2) the trial court erred in refusing to provide an evidentiary hearing on appellant's motion for new trial; and (3) the trial court erred in denying appellant's motion to dismiss because the information failed to allege an offense proscribed by the Texas Penal Code. We affirm.

In his first ground of error, appellant argues that the evidence is insufficient to sustain his conviction.

Appellant was charged with communicating a report of a future fire that he knew was false and baseless under § 42.-06(a)(1) of the Texas Penal Code. Appellant admits that on several occasions he telephoned the fire department warning of a future fire, but contends that the State failed to prove that he made the calls with an unlawful intent, knowing the information to be false. We agree with appellant's argument that the evidence, in order to support a conviction under this section, must show more than merely that appellant made telephone calls reporting a future fire. The State must prove that at the time appellant made the report, he knew the report was false and baseless.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

To determine whether the evidence is sufficient to show that, at the time the telephone calls were made, appellant knew the report was false and baseless, we must thoroughly examine the evidence.

Appellant telephoned the fire department on several occasions in late October 1984 and anonymously reported that someone was going to burn his ex-father-in-law's warehouse. One of those calls was tape recorded. During the fire marshal's investigation in response to the calls, Joe Vera, appellant's ex-father-in-law, identified the anonymous caller as appellant.

In its case-in-chief, the State presented evidence showing that the Pharr Police Department and Fire Marshal's office conducted investigations with regard to the calls. The Fire Marshal determined that the building was not owned by Joe Vera, that Joe Vera did not have the building or its contents insured, and that no arson had been attempted on the building. Had this been all the evidence presented, we would agree with appellant that the State failed in its burden of proof. Up to the time when the State rested its case-in-chief, the State had presented no evidence directly or circumstantially showing that appellant knew the information to be false when the telephone calls were made.

Appellant, however, testified in his defense. He stated that his eight year-old child and eleven year-old child had come to him and said they had overheard their Aunt Linda Herrera (appellant's former wife's sister) say that she was going to burn the building down. In addition, appellant testified that he himself heard a conversation that Linda Herrera was going to receive a "large amount of money of settlement, an insurance settlement," and that he heard this about the fire.[1]

Appellant's eleven year-old son testified that he overheard his Aunt Linda talking about burning down the building shortly before Halloween and that he and his brother had so informed his father. He testified that his mother, Linda Herrera, and his brother, in addition to himself, were present in an automobile when Aunt Linda told his mother that she was going to burn the building.

On rebuttal, the State introduced evidence rebutting the eleven year-old son's allegations through Linda Herrera, his mother, and his eight year-old brother. Linda Herrera denied that she ever talked about burning the building in question. Appellant's former wife (the eight year-old's mother) denied ever hearing Linda say anything about burning a building. Additionally, appellant's eight year-old son denied hearing anything about a fire or that he and his brother told their father anything about a fire.

The evidence thus is contradictory as to whether Aunt Linda ever told anyone she was going to burn the building. More importantly, the evidence is conflicting as to whether the children told their father, the appellant, of overhearing something about a planned arson, and the evidence is conflicting about whether appellant ever heard, or could have heard, Linda talking about setting a fire.

Appellant claimed to have learned of the future arson through his children and directly from statements made by Linda Herrera. Herrera's testimony contradicts appellant's assertions that she was going to burn the building. Additionally, appellant's eight year-old son denied overhearing any conversation regarding a fire and denied reporting such a conversation to his father. This testimony directly contradicts appellant's testimony that he learned of the future fire through his two children. The trial court, as the finder of fact, was entitled to believe or disbelieve any of the testimony presented. *Johnson v. State*, 571 S.W.2d 170 (Tex.Crim.App.1978). Obviously, the trial court chose to believe the testimony adverse to appellant, and that testimony, when viewed in the light most favorable to the verdict, shows that Linda

---

1. Linda Vera Herrera later testified that she had recently settled an accident claim resulting from injuries sustained in a Jeep. The evidence shows that she received an initial settlement of an undisclosed amount plus $4,000.00 monthly for the rest of her life.

Herrera never threatened to burn the building and that appellant's sons never told him that Linda Herrera planned to burn the building and disproved defendant's stated source and reason for making the calls. As such, the trial court was justified in finding that appellant knew the report to be false and baseless when he telephoned the fire department. The evidence is thus sufficient to sustain the conviction. Appellant's first ground of error is overruled.

In his second ground of error, appellant claims that the trial court should have provided an evidentiary hearing on his motion for new trial because material evidence was withheld at trial. The record does not support appellant's contention that the trial court "refused to provide" for an evidentiary hearing on the motion. The transcript from the new trial hearing specifically shows that appellant's counsel told the trial court that the motion "shouldn't require any testimony." After argument, appellant's counsel told the trial court that he could "make a ruling." Therefore there is no factual basis for appellant's second ground of error and it is overruled.

In his final ground of error, appellant complains that the information failed to allege an offense proscribed by the Texas Penal Code. TEXAS PENAL CODE ANN. § 42.06(a)(1) states, in pertinent part, that: "A person commits an offense if he knowingly communicates a report of a future fire that he knows is false or baseless and that would ordinarily cause action by an official agency organized to deal with emergencies." Appellant appears to have misread the statute in question; Section 42.06 does not require an allegation that the report of a future fire *be an emergency,* but that such a report *would ordinarily cause action by an official agency organized to deal with emergencies.* The reports in question did cause the fire marshal's office to spend time investigating the information regarding a future fire, which, as shown by the evidence, proved to be false and baseless. The information does track the statute and is not defective. *See: Arnold v. State,* 573 S.W.2d 816, 817 (Tex.

Crim.App.1978). The trial court properly denied appellant's motion to dismiss. We overrule appellant's third ground of error, and affirm the trial court judgment.