### In the Matter of O.S.S.

### No. 2–96–014–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1996.

Rehearing Overruled Oct. 31, 1996.

Ward Casey, Earl E. Bates, Jr., Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Assistant Chiefs of the Appellate Section, Anne E. Swenson, Sean D. Colston, Assistants, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

CAYCE, Chief Justice.

O.S.S. appeals his juvenile conviction for aggravated robbery with a deadly weapon. The trial court held separate, successive adjudication and disposition hearings as required by TEX. FAM. CODE ANN. §§ 54.03, 54.04 (Vernon 1996). After each hearing, the trial court signed an order stating the results. The adjudication order was signed on August 18, 1995, and the disposition order was signed on September 8, 1995. O.S.S. filed his motion for new trial within thirty days of the signing of the disposition order. See TEX. R. CIV. P. 329b(a). He then perfected this appeal by filing a notice of appeal and an uncontested affidavit of inability to file cost bond within ninety days of the disposition order. See TEX. R. APP. P. 41(a). All of O.S.S.'s points of error allege error in the adjudication hearing. However, O.S.S. did not file a motion for new trial within thirty days of the signing of the adjudication order nor did he perfect an appeal from that order. Therefore, the threshold question presented in this appeal is whether O.S.S. may attack the adjudication order in an appeal from the disposition order. We hold that he cannot because he did not perfect appeal from the adjudication order within the mandatory time period prescribed by TEX. R. APP. P. 41(a).

Before the adjudication hearing, O.S.S. signed a stipulation of evidence, waiver of trial by district court judge, and waiver of jury trial. The stipulated evidence was the only evidence introduced at the adjudication hearing and consisted of testimony from two witnesses, R.S. and the robbery victim. R.S.'s stipulated testimony established that O.S.S. was riding in a car with R.S. and E.R. when O.S.S. suggested they "jack" another car because O.S.S. admired its wheels. When they pulled up to the car, O.S.S. walked over to it and ordered the victim out of the car at gunpoint. O.S.S. and R.S. then drove away with the victim's car. E.R. followed. According to the victim's stipulated testimony, a man wearing a mask approached the car and ordered the victim out at gunpoint, causing the victim to fear death or serious bodily injury. Based on both witnesses' testimony, the trial court entered a judgment adjudicating O.S.S. delinquent on August 18, 1995.

The disposition hearing was held twenty-one days later on September 8, 1995. The court reviewed O.S.S.'s social history report and heard testimony from O.S.S. and his parents. After listening to the testimony and a letter from the vice principal of O.S.S.'s high school, the court sentenced O.S.S. to the Texas Youth Commission for an indeterminate time and signed an order of commitment the same day. On September 27, nineteen days after the signing of the disposition order but forty days after the adjudication order, O.S.S. filed a motion for new trial complaining that he did not voluntarily agree to the stipulated evidence and waiver of trial by jury entered during the adjudication proceeding because he relied on the alleged misrepresentation of his counsel that the trial court would impose probation rather than commit O.S.S. to the Texas Youth Commission. The trial court overruled the motion. O.S.S. then filed his notice of appeal and affidavit of inability to file cost bond on November 22, 1995.

In five points of error, O.S.S. seeks reversal of both the adjudication order and the disposition order based on the following alleged errors in the adjudication proceedings: 1) the trial court abused its discretion and violated O.S.S.'s due process rights by admitting the stipulated accomplice testimony of R.S. because it was not corroborated by other evidence tending to connect O.S.S. with the alleged delinquent conduct, 2) the trial court's finding that O.S.S. engaged in delinquent conduct is not supported by competent evidence that proves the conduct beyond a reasonable doubt, 3) the stipulation of evidence and waiver of jury trial signed by O.S.S. were involuntary and the result of a direct misrepresentation by counsel that O.S.S. would receive probation, and 4) O.S.S. was prejudiced because the ineffective assistance of his counsel induced him to waive his constitutional rights in exchange for a "nonexistent" plea bargain. None of O.S.S.'s complaints allege error in the disposition hearing or otherwise challenge the disposition order.

When a juvenile is accused of a crime, section 54.03 of the Family Code requires the trial court to first hold an adjudication hearing to determine whether the juvenile committed the offense charged. *See* Tex. Fam. Code Ann. § 54.03(a). If the court or a jury finds the juvenile guilty of the offense, the trial court or jury must determine punishment in a subsequent and separate disposition hearing. *Id.* §§ 54.03, 54.04. Section 54.04(a) specifically provides that "[t]he disposition hearing shall be separate, distinct, and subsequent to the adjudication hearing." *Id.* § 54.04(a).

The Family Code expressly provides for a separate appeal from the adjudication and disposition hearings. Under section 56.01(c), an appeal may be taken:

(1) by or on behalf of a child from an order entered under:

(A) Section 54.03 of this code with regard to delinquent conduct or conduct indicating a need for supervision;

(B) Section 54.04 of this code disposing of the case[.]

*Id.* § 56.01(c)(1)(A)-(B) (Vernon 1996).

■ All appeals from juvenile court orders are governed by the requirements in civil cases, except when in conflict with specific provisions of the Family Code irrelevant to this appeal. *Id.* § 56.01(b); *see In re M.R.,* 858 S.W.2d 365, 366 (Tex.1993), *cert. denied,* 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). Therefore, in order to determine whether O.S.S. timely perfected an appeal from the adjudication order, we must look to the rules governing civil appeals.

■ Under Rules 40 and 41(a)(1), a civil appeal is perfected when a cost bond, affidavit of inability to file cost bond, or cash deposit is filed within thirty days after the complained of judgment is signed or within ninety days after the judgment is signed if a timely motion for new trial[1] or a request for findings of fact and conclusions of law has been filed. Tex. R. App. P. 40, 41(a). These procedures are jurisdictional; failure to comply with the provisions of either rule results in an unperfected appeal. *In re J.C. v. State,*

892 S.W.2d 85, 86 (Tex.App.—El Paso 1994, no writ) (op. on reh'g); *In re P.A.P. v. State,* 739 S.W.2d 476, 476 (Tex.App.—San Antonio 1987, no writ).

■ No Texas court has squarely addressed the question of whether the timetable for appeal from an adjudication order runs from the signing of the adjudication order or from the signing of a subsequent disposition order. However, we are not without guidance. In *In re E.F.,* 535 S.W.2d 213, 215 (Tex.Civ.App.—Corpus Christi 1976, no writ), the Corpus Christi Court of Appeals held that it cannot review alleged errors committed in an adjudication hearing "on an appeal only from an order arising from the disposition hearing." *Id.* The Houston Court of Appeals similarly refused to consider an attack on an adjudication hearing that was not presented in a timely perfected appeal from the adjudication order. *In re D.E.P.,* 512 S.W.2d 789, 791 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). We believe the results in these cases are correct because the timetable for appeal from an order of adjudication runs from the date the adjudication order is signed and not the date the disposition order is signed. Therefore, the failure to perfect appeal from an adjudication order within the prescribed time period of Rule 41(a)(1) precludes appellate review of any complaints arising from the adjudication proceeding even if appeal is timely perfected from a subsequent order.

■ In the instant case, all of O.S.S.'s points of error challenge alleged error in the adjudication proceeding. To complain of errors in the adjudication proceeding, O.S.S. was required to have filed a cost bond or an appropriate substitute within thirty days of the adjudication order or within ninety days of the order after the timely filing of a motion for new trial. However, O.S.S. failed to comply with these jurisdictional requirements. As a result, although O.S.S. did timely perfect appeal from the disposition order, we are jurisdictionally barred from reviewing the adjudication order and any alleged error

---

1. A motion for new trial is timely if filed within thirty days after the judgment or other order from which appeal is taken is signed. Tex. R. Civ. P. 329b(a).

occurring in the adjudication proceeding.[2] Therefore, we dismiss that portion of the appeal challenging the adjudication order and affirm the disposition order.

---

**2.** In effect, O.S.S. is attempting to collaterally attack the adjudication order. In spite of the necessity of strict compliance with the procedural safeguards of the Family Code, we will not permit collateral attacks on judgments of the trial courts based on separate adjudication and disposition hearings. It is true that a collateral attack may be allowed in cases of fundamental error, but we find no evidence of such error in the record before us. *See Rabb v. State,* 572 S.W.2d 718, 719 (Tex.Crim.App. [Panel Op.] 1978).