**In the Matter of C.R.K.**

No. 2–00–214–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 9, 2001.

Wes Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Charles Mallin, Chief Appellate Asst. Dist. Atty, Anne E. Swenson, Mitch Poe, Bruce Fyfe, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAY, HOLMAN, and GARDNER, JJ.

## OPINION

DAY, Justice.

## I. INTRODUCTION

This is an appeal from an adjudication of juvenile delinquency for the offense of false alarm or report. Appellant C.R.K. brings four points on appeal complaining of the sufficiency of the evidence to sustain the trial court's judgment. We affirm.

## II. BACKGROUND

Appellant was a student at Everman Junior High School. On February 22, 2000, he went to the principal's office and asked if he could leave school early. Tasha Jackson, a receptionist in the front office, explained that he would not be allowed to do so. Appellant became angry and walked into the main hall, at which point Appellant threatened that he was going to burn down the school.

Cathy Anderson, the principal of the school, contacted the on-campus police officer, Mamie L. Gatlin Hodge, who brought Appellant back to the main office. Appellant was suspended and placed in an alternative school for approximately two weeks to a month.

The State filed a petition containing one paragraph alleging terroristic threat and two paragraphs alleging false alarm or report. The trial court adjudicated Appellant delinquent on the two paragraphs alleging false alarm or report and assessed punishment at an indeterminate commitment to the Texas Youth Commission until Appellant turned 21.

## III. DISCUSSION

In this case the State must prove beyond a reasonable doubt that: (1) Appellant; (2) knowingly; (3) initiated a report; (4) of a future fire or future emergency; (5) that he knew to be baseless; and (6) that would ordinarily cause an action by an official agency organized to deal with emergencies. See TEX. PENAL CODE ANN. § 42.06 (Vernon 1994). In four points, Appellant challenges that the State failed to prove that his threat to burn down the school was false and baseless when it was made and that the threat would ordinarily cause action by an official agency organized to deal with emergencies.[1]

Appellant argues in his first and second points, that the evidence is legally and factually insufficient to support the trial court's judgment. Specifically, Appellant contends that the State failed to prove that he knew that the alleged report was false and baseless.

 In reviewing the legal sufficiency of the evidence to support the trial court's findings and judgment, we view all the evidence in the light most favorable to the

---

1. While Appellant argues that the State had to prove that he knew the report was false and baseless, the State only alleged in their plead- ings that Appellant knew the report was base- less.

judgment.[2] *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim.App.2000); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim. App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder. *Williams v. State,* 937 S.W.2d 479, 483 (Tex.Crim.App.1996). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

■ In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we "must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Id.*

■ In reviewing the factual sufficiency of the evidence, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim. App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson,* 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the judgment, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id.* at 8–9; *Clewis,* 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson,* 23 S.W.3d at 9, 12; *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

■ The specific intent of the Appellant is an essential element of the offense of false alarm or report. *See* TEX. PENAL CODE ANN . § 42.06. The State must prove that at the time Appellant made the report he knew it was false or baseless. *Watts v. State,* 706 S.W.2d 707, 707 (Tex.App.— Corpus Christi 1986, pet. ref'd). The court may use circumstantial evidence to determine the falsity of Appellant's report. *See Frost v. State,* 2 S.W.3d 625, 630 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (using the circumstantial evidence of defendant's motive as evidence of the falsity of his report).

2. The State urges us to employ the civil standard of review in our determination of the legal sufficiency of the evidence to support a trial court's adjudication of delinquency. We have recently held, however, that *Jackson v. Virginia* is the appropriate standard to utilize in analyzing whether the evidence is legally sufficient to show a juvenile engaged in delinquent conduct as alleged in the State's petition. *In re J.S.,* 35 S.W.3d 287, 292 (Tex. App.—Fort Worth 2001, no pet.).

■ Anderson testified that she did not feel that there was any immediate danger of Appellant carrying out his threat when he was in the office. Appellant's counsel even characterized the threat as "an off-the-cuff angry statement." Appellant's counsel also argued to the trial court that Anderson "didn't think he [Appellant] was actually going to burn the building down. She thought that the situation was perfectly under control, and quite frankly, I don't think there was any kind of thought that the school was going to be burned the next day or the day after that." He continued to argue that it was "a logical inference from the evidence that . . . [the school administration] did not believe that the school was going to be burned down . . . [because] they only called the . . . campus police. They would not have called the Fort Worth police, because they didn't consider it a serious enough threat to do that."

Anderson also testified that at the time Appellant threatened to burn down the school, she was aware of rumors that Appellant was a suspect in a fire that had killed three firefighters. However, Appellant's counsel argued that the school "did not consider that evidence when they decided to call . . . [the] campus police officer." Furthermore, there is no evidence that Appellant made any arson attempt against the school as of May 25, 2000, the day of his adjudication hearing. Therefore, we hold that the evidence was legally and factually sufficient to prove that Appellant knew his threat was baseless at the time he made it. We overrule Appellant's first two points.

In his third and fourth points, Appellant alleges that there was no evidence or insufficient evidence to prove that his threat would ordinarily cause action by an official agency.

■ After Appellant made the threat and left the front office, Anderson alerted Hodge. Hodge testified that she is a police officer with the Fort Worth Police Department who was assigned to the school as a School Initiative Officer. Hodge also testified that the Fort Worth Police Department is an official agency that deals with emergencies. After Hodge was contacted by Anderson, she conducted an investigation, in which she took statements from Jackson and Anderson, talked to Appellant, and wrote a report.

Appellant does not argue that his comment did not cause action by Hodge, instead Appellant contends that his statement did not cause action by any official other than Hodge. Appellant argues that Hodge, as a campus police officer who is involved several times a month in handling incidents at school, is not the type of official contemplated by section 42.06(a)(1). We disagree.

Apparently, Appellant contends that Hodge's investigation would be enough proof that Appellant's threats caused action on the part of an official agency if she were assigned to the station house instead of the school house. However, we find this argument to be outside the parameters of section 42.06(a)(1). The penal code merely provides that the statement would ordinarily "cause action by an official or volunteer agency organized to deal with emergencies." TEX. PENAL CODE ANN. § 42.06(a)(1). This section does not differentiate among the locations of the officials at the time the statement is made. As Hodge testified, she was stationed to the campus to enforce the law. The fact that Hodge is assigned to the campus instead of the station house should not be a consideration in whether Appellant's threats caused Hodge to act.

After a careful review of the record, we hold that there was some evidence to sup-

port the trial court's ruling. Additionally, based on the record in this case, we cannot say that the trial court's ruling is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We overrule Appellant's third and fourth points.

## IV. CONCLUSION

Having overruled Appellant's four points on appeal, we affirm the trial court's judgment.