MEMORANDUM OPINION




No. 04-03-00882-CV



IN THE INTEREST OF C.Y., et al., Children






From the 37th Judicial District Court, Bexar County, Texas 


Trial Court No. 2002-PA-01978


Honorable Peter Sakai, Associate Judge Presiding (1)



Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 23, 2004


AFFIRMED

 In one issue, Chalom Pittman ("Pittman") appeals the trial court's order terminating his
parental rights to his daughter. We affirm.


Background

 The Texas Department of Protective and Regulatory Services (the "Department") petitioned
the court to terminate Pittman's parental rights to his step-children, C.Y. and P.Y., and his biological
daughter, H.P. After a bench trial, the court found by clear and convincing evidence that termination
of Pittman's parental rights was in the best interest of his daughter because Pittman had engaged in
conduct that endangered her physical or emotional well-being, and because he had failed to comply
with his court-ordered service plan. This appeal is limited to the termination of Pittman's parental
rights involving his daughter, H.P.

Analysis

 On appeal, Pittman contends the evidence is legally and factually insufficient to support the
trial court's termination of his parental rights to H.P. Specifically, he argues the evidence does not
support a finding that termination was in the child's best interest or that he failed to comply with the
court-ordered service plan. He also argues that the trial court erred in considering C.Y.'s outcry
statement because it was inadmissible hearsay. The outcry statement contained allegations that
Pittman had sexually abused his step-daughter, C.Y., on several occasions. 

 In proceedings to terminate the parent-child relationship, the Department must establish that
the parent committed one or more acts or omissions listed under section 161.001(1) of the Texas
Family Code and that termination of the parent-child relationship is in the best interest of the child.
See Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon 2003); In re S.D., 980 S.W.2d 758, 761-62
(Tex. App.--San Antonio 1998, pet. denied). 

 The burden of proof in a termination of parental rights case is "clear and convincing"
evidence. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). In determining if the evidence is legally
sufficient to support the trial court's findings, we consider all the evidence in the light most favorable
to the finding to determine whether a reasonable trier of fact could have formed a firm belief or
conviction that its finding was true. Id. at 266. The reviewing court must assume the factfinder
resolved the disputed facts in favor of its finding if a reasonable factfinder would do so. Id. 

 In a factual sufficiency review, we review the entire record giving due consideration to
evidence the factfinder could have reasonably found to be clear and convincing. Id. We also consider
whether disputed evidence is such that a reasonable factfinder could not have resolved the disputed
evidence in favor of its finding. Id. 

 In this case, the Department alleged that Pittman's culpable conduct consisted of endangering
H.P.'s physical or emotional well-being and that terminating his parental rights was in the best interest
of the child. See Tex. Fam. Code Ann. § 161.001(1)(D), (E). The trial court heard testimony from
two caseworkers and the mother of C.Y. and H.P. The first caseworker, Carol Saldana ("Saldana"),
testified that it was in H.P.'s best interest to terminate Pittman's parental rights. Saldana stated that
Pittman had failed to complete his court-ordered service plan and that he had two prior convictions
for domestic violence. Saldana also testified that Pittman was charged in two pending criminal cases,
both involving aggravated sexual assault of a child.

 The other caseworker, Hung Pho ("Pho"), testified that when he interviewed C.Y., she made
an outcry statement asserting that Pittman had committed sexual acts against her. Pho stated that he
had no reason to believe C.Y. was lying or being manipulative. He testified that C.Y. had suffered
significant emotional harm and that she was likely trying to protect her younger half-sister, H.P. Pho
opined that if C.Y. had been called to testify, it would have resulted in further trauma to her. He
concluded that Pittman's parental rights should be terminated because it was in the best interest of
both children.

 C.Y. and H.P.'s mother, May Kyung Pittman ("May"), testified that she had witnessed
Pittman sexually assault H.P. on at least one occasion, and believed he had also abused her other
daughter, C.Y. When shown the outcry statement, May verified that it was in C.Y.'s handwriting and
that C.Y.'s signature appeared at the end of the report. May testified that it was in the best interest
of H.P. to terminate Pittman's parental rights. 

 Pittman did not testify at trial. On appeal, he fails to cite any proof that the evidence was
insufficient to support the order terminating his parental rights. Pittman contends that the trial court
erred in not holding a hearing to determine the reliability of C.Y.'s outcry statement. In a nonjury
trial, however, we presume the court made the required finding of reliability of an outcry statement
upon proper objection. In re J.S., 35 S.W.3d 287, 293 (Tex. App.--Fort Worth 2001, no pet.).
Furthermore, he does not offer a clear and concise argument as to how the statement's admission
likely caused the rendition of an improper judgment in light of the entire record. See Tex. R. App.
P. 44.1(a); In re K.S., 76 S.W.3d 36, 41-42 (Tex. App.--Amarillo 2002, no pet.). 

 Based on the evidence presented at trial, we conclude that the evidence was legally and
factually sufficient to support termination of Pittman's parental rights to his daughter, H.P. See In
re J.F.C., 96 S.W.3d at 266. Accordingly, we affirm the trial court's decision. 


 Phylis J. Speedlin, Justice
1. The Honorable David Berchelmann is the presiding judge of the 37th Judicial District Court in Bexar County,
Texas. Pursuant to the Texas Family Code, which authorizes trial courts to refer certain family law matters to associate
judges, the Honorable Peter Sakai was the presiding judge at trial. See Tex. Fam. Code Ann. § 201.005 (Vernon
2004). The Honorable Martha Tanner, presiding judge of the 166th Judicial District Court in Bexar County, Texas
signed the order in this matter.