NUMBER 13-05-00697-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ANDRES LONGORIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 A jury found appellant, Andres Longoria, guilty of the offense of indecency with a
child, and the trial court assessed his punishment at fifteen years' imprisonment and a
$5,000 fine. In two issues, appellant contends the evidence is legally and factually
insufficient to support his conviction. We affirm.

A. Applicable Law


 Appellant was indicted for the offense of indecency with a child. A person commits
the offense of indecency with a child if, with a child younger than seventeen years and not
the person's spouse, whether the child is of the same or opposite sex, the person:

(1) engages in sexual contact with the child or causes the child to engage
in sexual contact; or


(2) with intent to arouse or gratify the sexual desire of any person:


 (A) exposes the person's anus or any part of the person's genitals,
knowing the child is present; or

 

 (B) causes the child to expose the child's anus or any part of the
child's genitals.


Tex. Pen. Code Ann. § 21.11(a) (Vernon 2003). "Sexual contact" means the following acts,
if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child; or


(2) any touching of any part of the body of a child, including touching
through clothing, with the anus, breast, or any part of the genitals of
a person.

 

Tex. Pen. Code Ann. § 21.11(c) (Vernon 2003). "Sexual contact may be committed even
though the victim is fully clothed at the time of the sexual contact." In re J.S., 35 S.W.3d
287, 292 (Tex. App.-Fort Worth 2001, no pet.).

B. Testimony at Trial


 The following individuals testified at appellant's trial.

1. S.J.C.


 S.J.C. testified that she is the mother of P.C., and P.C. is the mother of J.C., the
victim in this case. S.J.C. is J.C.'s grandmother. For ease of reference we will refer to
S.J.C. as "Grandmother."

 J.C. was five years old at the time of trial. Grandmother and her husband raised
J.C. most of the time. On February 2, 2002, Grandmother dropped J.C. off with P.C., who
was then living with appellant, and picked her up on February 6, 2006. When J.C. was 
bathing later that day, she told Grandmother that she had pain in her genital area and that
appellant had touched her there. Grandmother testified that she examined J.C. and
discovered that J.C.'s genital area was red and irritated.

2. J.C.


 J.C. acknowledged that the "middle part" of her body is a place between a little girl's
body where other people are not supposed to touch. She testified that while she was
watching television, appellant touched the middle part of her body and it was painful. J.C.
told Grandmother what happened later that same day. On cross-examination, J.C. said
that on the day of this event she also told her mother what happened.

 J.C. testified that she told a nurse at a hospital about what had happened, as well
as a lady named "Dawn." She told Dawn (1) that appellant used J.C.'s mother's hand to
touch the middle part of J.C.'s body, (2) that J.C. had hit herself on purpose in the same
middle part of her body while she was swimming, and (3) that she had clothes on while
appellant touched her. She also told Grandmother that she had hit herself. J.C. said she
was sure appellant touched her on the middle part of her body.

3. Sonja Eddleman


 Sonja Eddleman testified that at 10:10 p.m. on February 7, 2004, she examined J.C.
at Driscoll Children's Hospital. Eddleman is the coordinator of the "Child Abuse Resource
and Evaluation Team" and a certified pediatric sexual nurse examiner. Eddleman said that
when she asked J.C. why she was there, J.C. replied that appellant had touched her "in
her booty" and pointed to her female sexual organ. J.C. also told Eddleman that her
mother had seen appellant touch her in this manner, and that her mother had told
appellant not to touch her. J.C. also told Eddleman that appellant's "booty is big. It has
a green tattoo." Eddleman testified that any redness in the genital area of a five-year-old
girl attributed to irritation could have been created by someone placing fingers inside the
genitals. She also said that she did not see any injuries on J.C.'s genital area, but that it
was common for people that assault children to avoid injury.

4. Mary Ingram


 Mary Ingram testified that she is a registered school district nurse. Ingram met with
J.C. at 8:00 a.m. on February 7, 2005. Ingram said J.C. told her that she had pain in her
genital area, showed her exactly where it hurt, and said that appellant hurt her with his
fingers. Ingram examined J.C. and found some redness on her genitals. She then notified
Child Protective Services.

5. P.C.


 P.C. testified on behalf of appellant. P.C. is twenty-four years old and is J.C.'s
mother. P.C. has an intermittent relationship with appellant and has had three children with
him. J.C. is the oldest of her children. P.C. said that her parents never accepted
appellant. On the night that J.C. told Grandmother about the incident, P.C. talked to J.C.
on the telephone. P.C. said J.C. told her that appellant had touched her on her back; J.C.
never said anything about being touched between her legs. The weekend of the incident,
J.C. did not complain to her mother about any pain. P.C. denied that her hand was used
by appellant to touch J.C. inappropriately.

 P.C. acknowledged that J.C. spent most of the time with Grandmother, P.C.'s
mother. P.C. said that appellant was never alone with J.C. She stated,

There were days, yeah, but just to go to the store and come back. But he
had all the kids and his mom was there too.


She testified that J.C. had a urinary tract infection around September 2004, because she
did not wipe correctly, but said that as far as she knew, J.C. did not have that problem
during the time of the incident in February 2005.

 On cross-examination, P.C. testified that after J.C.'s allegations came out, she
placed J.C. and her other children with appellant's mother, even though she knew that is
where the alleged offense occurred. She said that neither she nor appellant worked during
the four years they were together. On February 6, 2005, the day she learned of J.C.'s
allegations, P.C. elected to stay with appellant at appellant's sister's house, until appellant
asked her to move out about a week later.

C. Standard of Review


 The standard of review for challenges to the legal and factual sufficiency of the
evidence is well settled. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (legal
sufficiency); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000) (legal sufficiency);
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency); Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (legal and factual sufficiency).

1. Legal Sufficiency


 In his second issue, appellant contends the evidence is legally insufficient to support
his conviction for the offense of indecency with a child. After reviewing the evidence in the
light most favorable to the jury's verdict and measuring it against the elements of the
offense as defined by a hypothetically correct jury charge, we conclude that a rational trier
of fact could have found the essential elements of the offense of indecency with a child
beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Young, 14 S.W.3d at 753;
Malik, 953 S.W.2d at 240. Accordingly, we hold the evidence is legally sufficient to support
appellant's conviction for the offense of indecency with a child. Appellant's second issue
is overruled.

2. Factual Sufficiency


 In his first issue, appellant contends the evidence is factually insufficient to support
his conviction for the offense of indecency with a child. Specifically, appellant asserts that
J.C. made inconsistent statements.

 While evidence presented at trial may offer conflicting accounts, the introduction of
conflicting evidence is not enough to render the evidence insufficient as a whole. State v.
Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). It is within the province of the jury, as
fact finder, to judge the weight and credibility to be accorded witness testimony; we must
defer to the jury's determination concerning what weight to give contradictory testimonial
evidence. Johnson, 23 S.W.3d at 8-9 (citing Jones v. State, 944 S.W.2d 642, 648-49 (Tex.
Crim. App. 1996)). We assume the fact finder resolved any conflicts in the evidence in
favor of the verdict and must defer to that resolution. Turro, 867 S.W.2d at 47 (citing
Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991)). The jury "can choose to
believe all, some, or none of the testimony presented by the parties." Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Consequently, our review of the sufficiency
of the evidence does not turn upon an evaluation of any one piece of evidence.

 After reviewing all the evidence in a neutral light, we conclude that it is not so weak
as to be clearly wrong and manifestly unjust, and the verdict is not against the great weight
of the evidence. See Johnson, 23 S.W.3d at 11; Malik, 953 S.W.2d at 240. Therefore, we
hold the evidence is factually sufficient to support appellant's conviction for the offense of
indecency with a child. Appellant's first issue is overruled.

 The judgment of the trial court is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 17th day of August, 2006.